IN THE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

APR 29 2019

David J. Bradley, Clerk of Court

| | | |
|---|---|---|
| DENNIS WAYNE CAPPS, pro se, | § | |
| Plaintiff, | § | |
| | § | |
| v | § | |
| | § | |
| TEXAS DEPT. OF CRIMINAL JUSTICE (TDCJ), | § | CAUSE NO._____ |
| BRIAN COLLIER, (official capacity), | § | |
| ROBERT HERRERA, (individual capacity), | § | |
| SERGIO PEREZ, (individual capacity), | § | DEMAND JURY TRIAL |
| MARK TEMPLE, (individual capacity), | § | |
| RODNEY BACKHUS, (individual capacity) | § | |
| MARK HURD, (individual capacity), | § | |
| Defendants, | § | |

## PLAINTIFF'S ORIGINAL CIVIL ACTION COMPLAINT

### PARTIES

Plaintiff:

1. Dennis Wayne Capps, TDCJ #1772509, pro se, is and was an inmate housed at the TDCJ-ID, Pack Unit, Navasota, Grimes County, Texas 77868.

2. At all times mentioned herein, Defendants, while clothed with and acting under color of state law, with malicious intent to retaliate. Violated Plaintiff's: First & Eighth Amendment, U.S. Constitutional right to Religious Liberty and to be free and clear of Cruel and Unusual Punishment; Fourteenth Amendment

page 1

U.S. Constitution, Substantive Due Process; 42 U.S.C. § 2000cc, Religious Land Use Institutionalized persons Act, (RLUIPA).

3. Brian Collier, Executive Director, TDCJ, sued in his official Capacity.

4. Robert Herrera, Warden, TDCJ, Pack Unit, TDCJ, sued in his individual capacity.

5. Sergio Perez, (former) Major, Pack Unit, TDCJ, sued in his individual capacity.

6. Mark Temple, Lt, Pack Unit, TDCJ, sued in his individual capacity.

7. Rodney Backhus, Sgt., Pack Unit, TDCJ, sued in his individual capacity.

8. Mark Hurd, C.O. IV, Pack Unit, TDCJ, sued in his individual capacity.

## JURISDICTION

9. The Southern District of Texas, Houston Division has original jurisdiction of this civil action to redress the deprivation, under color of state law and statute, Plaintiff's rights, privileges or immunities secured by the Constitution of the United States, pursuant to 28 U.S.C.§ 1343.

## VENUE

10. Venue is proper in this judicial district because all of the acts or omissions giving rise to the claims herein, occured in Grimes County, Texas, Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391.

## FACTS

11. At all times mentioned herein, Defendants act or omissions occured at the Pack Unit, TDCJ.

12. Plaintiff exhausted all administrative remedies with step 1 & 2 grievances, pursuant to Tex. Gov. Code § 501.008.

13. There was no equitable resolution to the grievances, rendering the process inadequate.

14. Plaintiff resides in, and is confined to, TDCJ, Pack Unit, a prison in the State of Texas operated by the TDCJ.

15. TDCJ receives federal funding for progamatic and rehabilitative activities.

16. At 12:00, noon, on July 10, 2018, while on the way to an official medical visit, Plaintiff was singled out and stopped by Defendant Backhus and told to go to the Sgt's desk. At the desk, Defendant Temple &Backhus said to Plaintiff that his beard was improper while being surrounded by Defendants Herrera and Hurd in a threatening manner. Plaintiff informed the Defendants

that according to TDCJ policy and the posted diagrams of TDCJ beard examples, Plaintiff was in fact in compliance of the beard requirements. Defendant Hurd remarked that Plaintiff looked like some kind of biker.

17. On July 11, 2018, at approximately 2:00 p.m., Plaintiff was summoned to the Sgt's desk again by Defendants Temple and Backhus and Perez, who took turns provoking, tormenting and harassing Plaintiff about his religious beard. Defendant Temple said that "if Plaintiff refused to remove his religious beard, he would certainly lose all of his valuable possessions associated with craft shop privileges."

18. Defendants restricted Plaintiff from demonstrating the lenght of his beard by grabbing a fist full of the beard to identify the length as outlined in TDCJ policy.

## GROUND ONE CLAIM
## VIOLATION OF FREE EXERCISE CLAUSE & 42 U.S.C. § 2000cc

19. Defendants violated Plaintiff's religious liberty, Free Exercise Clause of the First Amendment, U.S. Constitution, and 42 U.S.C. § 2000cc, (RLUIPA).

20. Defendants placed a substantial burden on Plaintiff and influenced him in a way that violated his religious liberty and right to maintain a religious beard.

21. Defendants forced Plaintiff to choose between, enjoying a generally available non trivial benefit of craft shop privileges, or following Plaintiff's religious beliefs and custom of religious beard.

22. Defendants jointly and severally had a meeting of the minds on the course of action, for the purpose of influencing, threatening and intimidating Plaintiff to remove his religious beard.

23. Defendants conduct was not reasonably related to a legitimate penelogical interest. Plaintiff's loss of First Amendment religious liberty, for a period of time to allow beard to re-grow, inflicted irreparable injury upon Plaintiff.

24. Defendants did not utilize the least restrictive means of furthering compliance of religious beard policy, when restricting Plaintiff from demonstrating beard length was a "fist length" of four inches or less.

## GROUND TWO CLAIM
## RETALIATION

25. Plaintiff's conduct at issue here is protected by the First Amendment right to religious liberty and TDCJ policy.

26. Defendants took adverse action against Plaintiff's protected conduct by threatening to cancel order for and or denying access to his valubale craft shop privileges through directing Plaintiff to shave off beard or suffer loss of those valuable privileges.

27. Plaintiff has a substantial monetary investment in craft shop equipment, materials and supplies, and pending orders. Plaintiff sincerely believed that his craft shop privileges would be denied or canceled if he did not comply with Defendants order to shave off beard.

28. Plaintiff's protected conduct was a substantial and or motivating factor in the Defendants decision to take action against Plaintiff. It is notoriously known that Pack Unit officers and administration are malcontent, disgruntled, upset, and retaliating against inmates for loss of civil suits concerning religious beards, water purification and air conditioning at the Pack Unit with a finding of deliberate indifference therein.

## GROUND THREE CLAIM
## VIOLATION OF SUBSTANTIVE DUE PROCESS

29. Defendants acts and or omissions violated Plaintiff's Fourteenth Amendment right to substantive due process.

30. Defentants arbitrarily and capriciously deprived Plaintiff of his protectd religiuos liberty and caused bodily harm to Plaintiff.

31. Defendents failed to utilize TDCJ policy for demonstrating that Plaintiff's beard was more than four inches or a "fist length" long. The step 1 & 2 investigation and disposition do not reflect a finding Defendants complied with the policy.

32. If not for Defendants retaliatory animus, the violative act would not have occured.

33. Defendants have actual or constructive knowledge of the "fist length" policy posted at the Pack unit.

34. Defendants have actual or constructive knowledge of the risk of harm when influencing, threatening and intimidating Plaintiff to choose between his valuable, non trivial craft shop privileges and protected religious liberty.

## MALICE

35. Defendants acted intentionally, wrongfully or willfully without legal justification or excuse, which directly coerced, forced or compelled Plaintiff to conform and relinquish Plaintiff's religious liberty, needs, customs, and accomodations, or loose valuable non-trivial craft shop privileges.

36. Plaintiff's step 1 grievance identifies he was singled out on July 11, 2018 from a group of other inmates with beards.

37. The step 1 grievance identifies that Defendants Temple and Backhus stated Plaintiff's beard was improper.

38. Defendants Temple and Backhus determined Plaintiff's beard was improper or non-compliant without ever having Plaintiff demonstrate the four inch length by grabbing a fist full as outlined in TDCJ policy, while Defendant Herrera observed.

39. Defendant Hurd's prejudicial, hostile and adverse comment that Plaintiff "looked like a biker" was directed at Plaintiff to provoke, aggravate and inflame the already threatening and indimidating environment surrounding Plaintiff.

40. Plaintiff's appearance before Defendants Temple, Backhus and Perez on July 11, 2018, was conducted at a time when all inmate movement is stopped during "count time" for the purpose of concealing the direct coercing, forcing or compelling of Plaintiff to conform and relinquish his protected religious liberty, and custom of growing a four inch beard, or loose the valuable craft shop privilege.

## EQUITABLE RELIEF

41. Plaintiff seeks a declaration that Defendants violated his constitutional rights and statutory law. Plaintiff also seeks a permanent injunction ordering all Defendants to comply with TDCJ policy, reframe from violating Plaintiff's constitutionally protected religious liberty and postings of religious beard criteria throughout the Pack Unit.

## MONETARY DAMAGES

42. Plaintiff seeks nominal damages of $1.00 and compensatory damages from Herrera, Perez, Temple, Backhus and Hurd, $10,000.00 each in their individual capacity.

## PUNITIVE DAMAGES

43. Plaintiff's injury resulted from the malice of Defendants Herrera, Perez, Temple, Backhus, and Hurd, which entitles Plaintiff to punitive damages under 42 U.S.C. § 1983.

## CONDITIONS PRECEDENT

44. All conditions precedent to Plaintiff's claims for relief have been performed or occured.

## PRAYER

45. WHEREFORE, PREMISES CONSIDERED, Plaintiff asks this Court that Plaintiff be awarded judgment against Defendants for equitable relief, and nominal, compensatory and punitive damages.

Executed this 26 day of APRIL, 2019

Dennis Wayne Capps #1772509
Pack Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868

## CERTIFICATE OF SERVICE

this is to certify that a true and correct copy of Plaintiff's Original Civil Complaint has been mailed, via U.S. Postal Service, to the United States District Court, Southern District of Texas, Houston Division, P.O. Box 61010, Houston, Texas 77208-1010.

## UNSWORN DECLARATION

My date of birth is June 30, 1954 and my inmate number is 1772509. I am presently incarcerated at the TDCJ, Pack Unit, Navasota, Grimes County, Texas 77868. I declare under penalty of perjury that the foregoing is true and correct.

Executed this 26 day of April, 2019.

Dennis Wayne Capps #1772509
Pack Unit
2400 Wallace Pack Rd.
Navasota, Texas 77868